**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-cr-30016-MJR** |
| | ) | |
| **PERNELL CORTEZ STARKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

On June 23, 2005, Pernell Cortez Starks was found not guilty of assaulting a Special Agent of the Office of Inspector General, U.S. Department of Justice (**18 U.S.C. § 111(a)**), charged in Count 1 of the indictment herein.  Starks also was found not guilty of simple assault, but was found guilty of obstruction of proceedings in an investigation (**18 U.S.C. § 1505),** charged in Count 2 of the indictment.  Before this Court is Starks' motion for new trial pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33** (Doc. 48).  For the reasons that follow, the motion is denied.

**A. Background**

On February 8, 2005, a grand jury returned a two-count indictment against Starks. Count 1 charges Starks with forcibly assaulting a federal officer engaged in official duties, in violation of **18 U.S.C. § 111(a).** Count 2 charges Starks with obstruction of proceedings in an investigation, in violation of **18 U.S.C. § 1505.**  Specifically, the indictment alleges that on or about May 19, 2004, Starks struck and pushed Kimberly A. Thomas, a Special Agent with the Office of the Inspector General, U.S. Department of Justice, while she was engaged in her official duties.  The indictment further alleges that during this altercation, Starks attempted to destroy an affidavit made in furtherance of a pending investigative proceeding.

Prior to trial, on June 6, 2005, Starks filed separate motions seeking to dismiss as

duplicitous Count 2 of the indictment (Doc. 23) and seeking to dismiss as multiplicitous Count 1 of

the indictment (Doc. 24).  On June 9, 2005, this Court denied these motions and on June 20, 2005,

orally made its finding consistent with the June 9, 2005 order.  On June 23, 2005, following a four-

day trial, a jury convicted Starks on Count 2 of the indictment and acquitted him on Count 1.

### B. Standard of Review

Starks now asserts that he is entitled to a new trial pursuant to **FEDERAL RULE OF**

**CRIMINAL PROCEDURE 33(a).**  For support, Starks again asserts that Count 1 of the indictment is

multiplicitous and Count 2 of the indictment is duplicitous.  As a result of these defects, Starks

argues, his trial was tainted to the extent that the interest of justice requires that he be granted a new

trial.

Pursuant to Rule 33(a)**,** "[u]pon the defendant's motion, the court may vacate any

judgment and grant a new trial if the interest of justice so requires." **FED. R. CRIM. P. 33(a).**

"[C]ourts have interpreted Rule 33 to require a new trial 'in the interests of justice' in...situations

in which the substantial rights of the defendant have been jeopardized by errors or admissions during

trial." *United States v. Kuzniar,* **881 F.2d 466, 470 (7th Cir. 1989)**.  However, "a jury verdict in a

criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted

lightly." *United States v. Eberhart,* **388 F.3d 1043, 1048 (7th Cir. 2004), quoting** *United States v.*

*Santos,* **20 F.3d 280, 285 (7th Cir. 1994)**.  "The exercise of power conferred by Rule 33 is reserved

for only the most extreme cases." *United States v. Linwood,* **142 F.3d 418, 422 (7th Cir. 1998)**.  A

trial court may not grant a new trial in the interests of justice unless it properly concludes that (i) a

miscarriage of justice will occur absent a new trial, or (ii) an error occurred at trial that was not

harmless. *United States v. Washington,* **184 F.3d 653, 657-58 (7th Cir. 1989)**.

### C. Analysis

In again asserting the multiplicity and duplicity arguments, Starks is essentially re-alleging the same arguments that this Court has already carefully considered and rejected.

*Starks' Assertion of Multiplicity in the Indictment*

"Multiplicity is the charging of a single offense in separate counts of an indictment." ***United States v. Conley,* 291 F.3d 464, 469 n.4 (7th Cir. 2002).**

Starks argues now, as he did prior to trial, that Count 1 is multiplicitous in relation to Count 2.  This Court rejected that argument prior to trial. Whether counts are multiplicitous is most often determined by applying the "same elements" test from *Blockburger,* which requires that, to avoid multiplicity, each of the two statutes at issue must require proof of a fact which the other does not. ***United States v. DeCorte,* 851 F.2d 948, 957-58 (7th Cir. 1988),** *citing **Blockburger v. United States,* 284 U.S. 299, 304 (1932).**  This test "focuses on the proof necessary to prove the *statutory elements* of each offense, rather than on the actual evidence ... presented at trial." ***United States v. Patterson,* 782 F.2d 68, 72-73 (7th Cir. 1986)(emphasis added),** *citing **Illinois v. Vitale,* 447 U.S. 410, 416 (1980).**

 In Starks' case, Count 1 charges a violation of **18 U.S.C. § 111(a)** (assault on a federal officer), whereas Count 2 charges a violation of **18 U.S.C. § 1505** (obstruction of a pending investigative proceeding).  Unlike § 1505, § 111(a) requires proof that the person assaulted be an employee of the United States engaged in his or her official duty. **18 U.S.C. § 111(a).**  And, unlike § 111(a), § 1505 requires proof that the obstructing conduct be done with the purpose of obstructing or impeding the due administration of justice. **18 U.S.C. § 1505.**  Accordingly, under *Blockburger*, Count 1 is not multiplicitous in relation to Count 2.

This is true *regardless* of whether there later existed an "overlap in the quantum of proof" presented at trial. *See **Patterson,* 782 F.2d at 72-73 ("the **Blockburger** test is satisfied,**

notwithstanding a substantial overlap in the quantum of proof offered to establish the crimes, if each of the statutory offenses require proof of a fact that the other does not require"). Therefore, this Court again rejects Starks' multiplicity assertion as well as Starks' additional argument based on this assertion – that the allegedly multiplicitous count tainted the jury's deliberations and resulted in a "compromise verdict."

*Starks' Assertion of Duplicity in the Indictment*

"A duplicitous count is one that charges more than one distinct and separate offense." *United States v. Zeidman,* **540 F.2d 314, 316 (7th Cir. 1976).**

Starks argues now, as he did prior to trial, that Count 2 of the indictment is duplicitous because it contains two separate factual bases for criminal liability. The Court rejected this argument prior to trial based on *United States v. Berardi,* **675 F.2d 895 (7th Cir. 1982).** In *Berardi,* the Seventh Circuit pointed out that "[a] count is not duplicitous...if it simply charges the commission of a single offense by different means."*Berardi,* **675 F.2d at 897,** *citing United States v. Pavloski,* **574 F.2d 933, 936 (7th Cir. 1978). FEDERAL RULE OF CRIMINAL PROCEDURE 7(c)** provides that "[i]t may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it *by one or more specified means.*" **FED. R. CRIM. P. 7(c)(1)(emphasis added).** "This rule necessarily contemplates that two or more acts, each one of which would constitute an offense standing alone, may be joined in a single count without offending the rule against duplicity." *Berardi,* **675 F.2d at 898,** *citing Pavloski,* **574 F.2d at 936.** Where two or more acts comprise a single continuous episode of conduct in a discrete period of time and constitute the commission of a single offense by different means, a finding of duplicity is not warranted. *Berardi,* **675 F.2d 897-900.**

In this case, both the alleged assault and the alleged taking of the affidavit happened

contiguously by Starks toward Thomas during a short time period; the acts "comprised a single continuous episode of conduct in a discrete period of time."  Moreover, both actions are alleged as being in furtherance of a *single* offense – obstruction of justice in violation of **18 U.S.C. § 1505**.  Acting in accord with Seventh Circuit law, this Court rejected Starks' argument that Count 2 was duplicitous.

In his re-assertion of this argument, Starks has failed to present any evidence that would convince the Court that this ruling was erroneous.  Accordingly, this Court now affirms its previous ruling.  Further, the Court also rejects those arguments the basis of which is that Count 2 is duplicitous – Starks' assertion that the duplicity in the indictment was not harmless, and that dismissal of Count 2 is warranted.  This Court's finding that Count 2 is *not* duplicitous strips these arguments of their foundation.

*Jury Instructions*

In conjunction with re-asserting his multiplicity and duplicity arguments, Starks argues that the precautionary instructions that this Court gave to the jury were ineffective to ensure a just verdict.  This argument, notably, relies in large part on Starks' multiplicity and duplicity assertions: "[the Court's] precautionary measures...may have proven effective in less egregious instances of multiplicity and duplicity" (Doc. 48, p. 9).  For the reasons articulated above, this case does not present an "instance of multiplicity and duplicity."  From the outset, then, this argument is premised upon flimsy ground.

This Court had no obligation prior to trial to take any additional steps to limit the risk that might otherwise be inherent in a duplicitous or multiplicitous count, because, quite simply, the counts were neither duplicitous nor multiplicitous.  By giving limiting instructions, the Court did not mean to imply that this wasn't the case.  The Court's giving of the relevant instructions was not

5

an attempt to remedy duplicitous or multiplicitous counts.  Rather, the Court's actions constituted an exceptional precautionary measure designed to address the exact argument that Starks now raises – that the jurors convicted Starks on Count 2 as a compromise, rather than because of true unanimity as to what the government had proven.

According to the Seventh Circuit, the possibility that a jury might convict a defendant even though it did not unanimously agree on the exact manner by which the defendant committed the charged offense can be "easily cured by [the Court instructing] the jury that it [can] convict...only if it unanimously agree[s] on [the act the defendant committed]." **United States v. Cherif,** **943 F.3d 692, 701 (7th Cir. 1991).**  This Court did precisely that, instructing the jury that they must agree unanimously as to how Starks endeavored to obstruct and impede the pending investigative proceeding.[1]  The Court further directed the jurors to execute a special verdict form indicating unanimously the means by which Starks endeavored to impede the investigative proceedings.  The jurors dutifully executed and returned this form.

The law "presumes that jurors ... attend closely the particular language of the trial court's instructions in a criminal case and strive to understand ... and follow the instructions given them."  **United States v. Linwood,** **142 F.3d 418, 426 (7th Cir. 1998),** **citing Francis v. Franklin,** **471 U.S. 307, 324 n.9 (1985).**  "This presumption is only overcome if there is an overwhelming

---

[1]     The "burden of proof" instruction as to Count 2 read, in part:

> First, that the defendant endeavored to obstruct and impede a pending investigative proceeding by either:
> (A)     striking and/or pushing Special Agent Thomas; or
> (B)     attempting to destroy the affidavit;
> With respect to paragraphs A or B above, you must unanimously agree that the Defendant committed the acts in paragraphs A or B.  That is, all 12 of you must agree Defendant committed the acts in paragraph A above or all 12 of you must agree the Defendant committed the acts in paragraph B above or all 12 of you must agree the Defendant committed the acts in both paragraphs A and B above.

probability that the jury was unable to follow the instructions as given." *Linwood,* **142 F.3d at 426,** *citing Doe v. Johnson,* **52 F.3d 1448, 1458 (7th Cir. 1995).**

Here, Starks has failed to present evidence that could indicate an "overwhelming probability" that the jury did not truly follow the instructions given.  In asking this Court to "consider the mindset" of certain jurors, Starks posits observations that, while perhaps insightful from a psychological standpoint, are from a legal standpoint conjecturable and suppositional. Consequently, the Court adheres to its presumption that the jurors dutifully followed the Court's limiting instructions.

**D. Summary**

The Court affirms its earlier ruling that Count 1 was not multiplicitous.  Likewise, the Court affirms its previous ruling that Count 2 was not duplicitous.  Starks' arguments that rely on contrary findings are without merit.  Moreover, this Court finds meritless Starks' assertion that the jury instructions given were ineffective to prevent an unjust verdict.  The Court is not faced with a situation "in which the substantial rights of [Starks] have been jeopardized by errors or admissions during trial." *Kuzniar,* **881 F.2d at 470**.  Cognizant that "a jury verdict is not to be overturned lightly," the Court finds that this case is not a "most extreme case" that merits a new trial pursuant to Rule 33(a). *Eberhart,* **388 F.3d at 1048;** *Linwood,* **142 F.3d at 422**.  Accordingly, the Court **DENIES** Starks' motion for a new trial (Doc. 48).

**IT IS SO ORDERED.**

**DATED this 24th  day of October, 2005.**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**